## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JERRY RAY ULRICH, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-767-HE** |
| | ) | |
| **CHRIS WEST, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, sued multiple officials at the Canadian County Detention Center under 42 U.S.C. § 1983.[1] Doc. 1.[2] United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C). Doc. 4. Plaintiff sues: (1) Chris West, Canadian County

---

[1] Plaintiff checked a box stating he asserts jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. Doc. 1, at 2. Because none of the Defendants are federal officers, the undersigned liberally construes the Complaint as asserting jurisdiction under 42 U.S.C. § 1983. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (stating § 1983 "provides a cause of action against state officials who violate constitutional or other federally protected rights" while *Bivens* "provides a private action for damages against federal officers who violate certain constitutional rights") (internal quotation marks omitted).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Sheriff; (2) Kevin Ward, Canadian County Undersheriff; and (3) Kristie Carter, Canadian County Jail Administrator, each in their official and individual capacities. Doc. 1, at 4-5.

For the reasons discussed below, the undersigned recommends dismissing the Complaint without prejudice for failure to state a claim.

## I. Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Because Plaintiff is proceeding in forma pauperis, the Court also has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2); Doc. 7. The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

2

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II.    Plaintiff's claims.

In Claim One, Plaintiff sues Defendants West, Ward, and Carter, asserting they had "knowledge of sexual misconduct" that occurred for months while Plaintiff was in their care. Doc. 1, at 6. He also asserts he was subject to the "infliction of emotional stress." *Id.* Plaintiff seeks $1,500,000 in monetary relief. *Id.* at 7. Plaintiff does not identify the constitutional provision or law giving rise to Claim One. Liberally construing the Complaint, the Court interprets Claim One as asserting an Eighth Amendment claim of deliberate

indifference and a claim of intentional infliction of emotional distress (IIED) under Oklahoma law. *See id*. at 8.

In Claim Two, Plaintiff alleges each Defendant violated his Eighth Amendment rights because they subjected him to cruel and unusual punishment by using excessive force, isolating him, and targeting him with retaliation, and not feeding him state-issued meals. *Id*. at 7. Plaintiff seeks $5,000,000 in damages. *Id*. at 11.

## III.   Analysis.

### A.   Relevant law.

Plaintiff contends he is both pretrial detainee and a convicted and sentenced state prisoner. *Id*. at 3. During the relevant period, Plaintiff was serving a state sentence and awaiting trial on pending charges in Canadian County. *See* https://okoffender.doc.ok.gov/ (Plaintiff was received into state custody on February 25, 2021 on a kidnapping charge in Oklahoma County (last viewed Oct. 31, 2022)); https://www.oscn.net/dockets/GetCaseInformation.aspx?db=canadian&number=CF-2021-570&cmid=452348 (Plaintiff was charged with felony aggravated assault and battery in Canadian County District Court on October 25, 2021, and convicted of the same on October 20, 2022 (last viewed Oct. 31, 2022)); https://www.oscn.net/dockets/GetCaseInformation.aspx?db=canadian&number

r=CM-2021-611&cmid=452388 (Plaintiff was charged with misdemeanor rioting on October 26, 2021, and convicted of the same on October 20, 2022 (last viewed Oct. 31, 2022)). Plaintiff's status is relevant because the Eighth Amendment protects the rights of convicted prisoners in a § 1983 claim, while "pretrial detainees [have] access to the claim under the Fourteenth Amendment." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020), *cert. denied*, 142 S. Ct. 312 (2021).

Because Plaintiff only invokes the Eighth Amendment in his Complaint, Doc. 1, at 7, the Court addresses only the Eighth Amendment standard for his claims. *Cf. Geddes v. Weber Cnty.*, 2022 WL 3371010, at *9 (10th Cir. Aug. 16, 2022) (holding the "complaint only provided fair notice that the basis for his § 1983 action was a purported Fourteenth Amendment violation" where the "complaint repeatedly [and] unequivocally stated that the basis for the § 1983 claim was a violation of rights 'secured by the Fourteenth Amendment'" and that "[p]leading one type of excessive-force claim cannot put defendants on notice of the other type of claim").

This approach is supported by the common practice of using the standard applicable to convicted prisoners' claims where the plaintiff is both a pretrial detainee and a convicted prisoner. *See Morgan ex. rel Morgan v. Wayne Cnty., Mich.*, 33 F.4th 320, 326 (6th Cir. 2022) ("[T]he more demanding Eighth

Amendment standard is applicable" where "[a]t the time of the alleged assault, Morgan was both a pretrial detainee . . . and a convicted prisoner" and "she has pleaded and argued this case solely under the Eighth Amendment standard."); *Joost v. Cornell Corr., Inc.*, 1998 WL 939531, at *2 (D.R.I. Dec. 11, 1998) ("To the extent that Joost's status as a convicted prisoner versus a pretrial detainee is otherwise relevant, plaintiff's argument that he [] occupies a dual status is not persuasive. Joost's recidivism does not enhance his constitutional rights. The fact that for a portion of the time that he was incarcerated at Wyatt he was awaiting retrial on the firearm charge does not obviate the fact that he was also imprisoned as a convicted felon.").

### 1. The Eighth Amendment prohibits cruel and unusual punishment.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). "[A] prison official violates the Eighth Amendment only (1) if the constitutional deprivation is 'objectively sufficiently serious' and (2) the prison official has a 'sufficiently culpable state of mind.'" *Ullery v. Bradley*, 949 F.3d 1282, 1290 (10th Cir. 2020) (quoting *Farmer*, 511 U.S. at 834). An injury

is "sufficiently serious" if it denies an inmate "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834.

The objective component is satisfied if a defendant's "alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff's complaint must "'identify specific actions taken by *particular* defendants.'" *See Pahls*, 718 F.3d at 1226  (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). A plaintiff's "undifferentiated contention that 'defendants' infringed his rights" cannot state a § 1983 claim because "a plaintiff must show that each defendant acted with the requisite state of mind." *Id.*

## 2. Official-capacity claims are claims against the county.

If a defendant is sued under § 1983 in his or her official capacity, the suit is generally treated as one against the governmental entity that the defendant represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see Porro v.*

*Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (holding that a suit under § 1983 against an employee in their official capacity is "another way of pleading an action against the county or municipality they represent"). The relevant governmental entity here is a county, implicating municipal liability. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (applying *Monell* to a county); *see also Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) ("To the extent [plaintiff] brings a claim against [the sheriff] in his official capacity, it is the same as bringing a suit against the county.").

To state a § 1983 claim against a county or its employees in their official capacities, a plaintiff must identify "'a government's policy or custom' that caused [him] injury." *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 691-92). "[P]olicies meeting this standard [are] those arising from 'a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom

authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees.'" *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1239 (10th Cir. 2020) (quoting *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017)).

After identifying such an official policy or custom, a plaintiff must then establish that the policy or custom either (1) directly violated a federal right of the plaintiff, or (2) was the "moving force" behind a county employee's violation of a federal right of the plaintiff. *Id.*; *see Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (holding a plaintiff must establish "a direct causal link between the policy or custom and the injury alleged"). And a  plaintiff must "show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider*, 717 F.3d at 769, 770-71.

Thus, for each claim of municipal liability, the plaintiff must establish three elements: "(1) official policy or custom, (2) causation, and (3) requisite state of mind." *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (internal quotation marks and bracket omitted). Dismissal of a municipal liability claim "is appropriate where the plaintiff 'has failed to identify any custom or practice of the party that has a direct causal link to the alleged constitutional violations.'" *Autry v. Cleveland Cnty. Sheriff's Dep't*, No. CIV-15-1167-D, 2018

WL 719044, at *9 (W.D. Okla. Feb. 5, 2018) (quoting *Sherman v. Klenke*, 653

F. App'x 580, 592-93 (10th Cir. 2016)).

### B.   Claim One—Plaintiff alleges Defendants knew of sexual misconduct.

#### 1.   Alleged facts.

Plaintiff contends Defendants West, Ward, and Carter, had "knowledge

of sexual misconduct" that occurred for months while Plaintiff was in the

Defendants' care. Doc. 1, at 6. Plaintiff also contends Defendant West gave

statements to television and print media about second-degree rape charges

filed against a detention officer, Raven Benson, for alleged offenses between

December 1, 2021, and February 8, 2022. *Id.* at 8. He asserts that "after

accusations were made[,] there was no separation between officer and inmate."

*Id.* Plaintiff, however, does not allege Ms. Benson engaged in sexual relations

with him.[3]

---

[3]     Plaintiff cites two cases in his discussion of Claim One. Doc. 1, at 8 (citing *Carrigan v. Davis*, 70 F. Supp. 2d 448 (D. Del. 1999); *Wood v. Beauclair*, 692 F.3d 1041 (9th Cir. 2012)). In *Carrigan*, the court held that a defendant accused of sexual assault could not use a consent defense. 70 F. Supp. 2d at 461. In *Wood*, the court held a plaintiff is entitled to a presumption that sexual conduct between a prisoner and prison staff is not consensual. 692 F.3d at 1048-49. But the fact patterns in the cited cases do not supply what is missing in the Complaint—an allegation that Ms. Benson engaged in any sexual activity with Plaintiff. The undersigned also notes that in this Circuit, an excessive-force claim based on sexual abuse "require[s] at least some form of coercion (not necessarily physical) by the prison's custodians." *Graham v. Sheriff of Logan Cnty.*, 741 F.3d 1118, 1126 (10th Cir. 2013).

Plaintiff contends he has been "labeled a victim by officers, newspapers, and news channels," which "is like painting a target on [his] back saying easy prey." *Id.* He contends "all the rumors" between staff and inmates "add[ed] to the stress" because he knew the "brass" found out due to "snitching." *Id.* As a result of the stress, Plaintiff contends he had "dark circles under [his] eyes," weight loss, and he was unable to sleep, eat, or relax. *Id.* Plaintiff's "vitals" and weight loss improved after February 2022. *Id.*

> **2. Plaintiff fails to state a claim under § 1983 because he does not plead facts sufficient to meet either the subjective or objective prong of an Eighth Amendment claim.**

Plaintiff cannot meet the objective prong because he does not plead sufficient facts to show he was subjected to a substantial risk of serious harm. Plaintiff alleges only that being "labeled a victim" is akin to having a target painted on his back. Doc. 1, at 8. Plaintiff does not allege, however, that he has been threatened or that he reported threats of violence against him. For a depravation to be "objectively sufficiently serious . . . [P]laintiff's allegations must furnish more than a conclusory claim of being afraid and aggravated." *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996); *see also Young v. Rios*, No. CIV-15-641-R, 2016 WL 1626609, at *11 (W.D. Okla. Mar. 10, 2016) ("Plaintiff's bare statement that his life is in danger, even coupled with an assertion that threats were made against him at OSP decades ago, likewise

does not constitute a well-pleaded factual allegation showing a disregarded 'substantial risk of serious harm'"); *adopted*, 2016 WL 1611496 (W.D. Okla. Apr. 21, 2016).

Likewise, Plaintiff's claim that he suffered stress, temporary weight loss, and difficulty sleeping and eating does not amount to the type of serious harm constituting an Eighth Amendment violation. *See Toney v. Harrod*, 2017 WL 4758962, at *6 (D. Kan. Oct. 20, 2017) ("[T]he Court is not convinced Toney's symptoms—headaches, dizziness, low energy, physical weakness, difficulty sleeping, weight loss—are objectively, sufficiently serious enough to violate the Eighth Amendment."); *Willett v. Turley*, 2012 WL 733756, at *7 (D. Utah Mar. 6, 2012) ("Plaintiff's vague assertions that he was 'put under a lot of mental, emotional and physical stress' . . . do not support the conclusion that Plaintiff was subjected to cruel and unusual punishment."); *Barksdale v. Connaghan*, 2011 WL 3664382, at *9 (D. Colo. July 28, 2011) (finding a plaintiff did "not come forward with any facts to show he was incarcerated under conditions posing a substantial risk of serious harm" where his complaint "only allude[d] to 'mental and physical stress'"), *adopted*, 2011 WL 3796902 (D. Colo. Aug. 18, 2011).

Even if these conditions could amount to serious harm, Plaintiff does not plead facts sufficient to meet the subjective prong because he does not assert

Defendants had subjective knowledge that their actions would have caused Plaintiff's symptoms. He contends only that Defendants knew about sexual misconduct, not that Defendants knew or should have known their knowledge of sexual misconduct would adversely affect Plaintiff in the manner he describes. And while he contends Defendant West made statements to the media about the sexual misconduct, he does not allege that Defendant West knew or should have known that public disclosure of the officer's misconduct would adversely affect Plaintiff.

Because Plaintiff fails to adequately allege a constitutional injury, his official-capacity claims based on these same allegations fail as well. *See, e.g.*, *Frey v. Town of Jackson, Wy.*, 41 F.4th 1223, 1239 (10th Cir. 2022) ("The crux of a municipal-liability claim is that a municipal policy or custom caused the plaintiff to suffer a constitutional injury. . . . Without a constitutional violation, Plaintiff has suffered no injury for which a municipality can be liable."). Thus, this claim should be dismissed without prejudice for failure to state a claim.

### 3.   Plaintiff does not state a state-law claim for IIED.

When prompted to list the right he believed was violated in Claim One, Plaintiff stated, in part, "infliction of emotional stress." Doc. 1, at 6. The Court liberally construes the Complaint as bringing a claim of IIED under Oklahoma

law.[4] "Under Oklahoma law, an action for [IIED] will lie only where there is extreme and outrageous conduct coupled with severe emotional distress." *Washington v. Rogers*, No. CIV-18-1116-D, 2019 WL 5191830, at *5 (W.D. Okla. Oct. 15, 2019) (citing *Gaylord Ent. Co. v. Thompson*, 958 P.2d 128, 149 (Okla. 1998)). "To prevail on this claim, a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Id.* (citing *Comput. Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002)). Additionally, "[a] plaintiff must plead facts to show that a defendant engaged in conduct that was not only unreasonable but was also 'beyond all possible bounds of decency in the setting in which it occurred' or 'utterly intolerable in a civilized community.'" *Id.* (quoting *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 942 (10th Cir. 1994)).

Plaintiff contends only that Defendants knew about sexual misconduct allegations against a detention officer and that Defendant West made

---

[4]     Oklahoma does not recognize negligent infliction of emotional distress as an independent tort. *See Cursh v. Wal-Mart Stores*, 2022 WL 138091, at *3 (N.D. Okla. Jan. 14, 2022) ("Oklahoma does not recognize an independent tort claim for negligent infliction of emotional distress." (citing *Lockhart v. Loosen*, 943 P.2d 1074, 1081 (Okla. 1997); *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, 248 & n.1 (Okla. 1996); *Mason v. State ex rel. Bd. of Regents*, 23 P.3d 964 (Okla. Civ. App. 2001))).

14

statements to the media about the allegations. Doc. 1, at 8. Those facts do not amount to conduct beyond all possible bounds of decency or conduct utterly intolerable in a civilized community. Thus, Plaintiff fails to state a claim on the extreme-and-outrageous prong.

Nor does Plaintiff plead facts suggesting he suffered severe distress. "Under Oklahoma law, the distress required to sustain an IIED claim 'must be of such a character that no reasonable person could be expected to endure it.'" *Rayburn v. Braum's, Inc.*, No. CIV-20-1160-G, 2021 WL 781368, at *3 (W.D. Okla. Mar. 1, 2021) (quoting *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1389 (10th Cir. 1991)). Plaintiff alleges that the "amount of emotional and mental stress of this is beyond words." Doc. 1, at 8. This type of conclusory allegation is not sufficient to state an IIED claim. *See Rayburn*, 2021 WL 781368, at *3 (allegation of "severe emotional and psychological damage" was insufficient to state a claim). Plaintiff also alleges his stress led to having "noticeably dark circles under [his] eyes, noticeable weight loss, and seclusion" in February 2022—symptoms which have since improved. Doc. 1, at 8. The undersigned finds these mild, temporary symptoms are not of such a character that no reasonable person could be expected to endure them.

Thus, Plaintiff's state-law claim of IIED should be dismissed without prejudice for failure to state a claim.

**C.     Claim Two—Plaintiff asserts Defendants subjected him to excessive force, withheld his meals, isolated him, and retaliated against him.**

In Claim Two, Plaintiff asserts Defendants violated his Eighth Amendment right against cruel and unusual punishment. Doc. 1, at 7. He contends Defendants subjected him to excessive force, withheld his meals, isolated him, and retaliated against him. *Id.* For the reasons stated below, Plaintiff's claims should be dismissed without prejudice for failure to state a claim.

**1.     Plaintiff's claim that he did not receive meals fails to state an Eighth Amendment violation.**

Plaintiff asserts that between December 2021 and February 2022, "the detention staff knew what was goin[g] on and claimed we were been favored over other inmates" and "they would deny us state trays until we acted out." Doc. 1, at 9. He also asserts "they would take & hide my canteen for days." *Id.* But Plaintiff does not identify any of the Defendants in his allegations. Plaintiff instead attributes the actions to "staff" or "they." *Id.* Plaintiff's general allegations do not comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In providing fair notice under Rule 8, "it is particularly important [in § 1983 cases] that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice

16

as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Thus, even if these facts could establish an Eighth Amendment violation—a finding the undersigned does not make—Plaintiff's claim against Defendants in their individual capacities should be dismissed because he does not allege any Defendant personally participated in the alleged violation. Plaintiff also cannot establish municipal liability because he does not identify a policy or custom employed to violate his rights. The Court should therefore dismiss this claim without prejudice against each Defendant in their individual and official capacities.

### 2.    Plaintiff's claims of excessive force fail to state an Eighth Amendment violation.

Plaintiff contends Defendants violated his Eighth Amendment rights in two separate instances of excessive force—one in January 2022 and the other in August 2022. *Id.* at 9-10. An Eighth Amendment "excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018) (quoting *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999)). "An official has a culpable state of mind if he uses force

'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

The undersigned recommends the Court dismiss both claims without prejudice for failure to state a claim.

> **a.   Plaintiff's January 2022 excessive-force claim fails to state a claim against Defendants in their individual or official capacities.**

Plaintiff contends that in January 2022 "Canadian County staff emptied O.C. spray containers on us and left us in cells without showers or decontamination process." Doc. 1, at 9. Plaintiff states he has asthma and staff told him, "[H]ope you suffer shouldn[']t have broken the law to be here, and that we were beat." *Id.* Plaintiff only alleges unnamed staff were responsible for these incidents. *Id.* He does not allege any Defendants personally participated in them. His allegations are therefore insufficient to state a claim against Defendants in their individual capacities. And because Plaintiff has not identified a policy or custom behind the Defendants' alleged misconduct, his pleading cannot establish municipal liability. This claim should be dismissed without prejudice against each Defendant in their individual and official capacities.

      **b.**       **Plaintiff's August 2022 excessive-force claim fails to state a claim because Plaintiff does not allege Defendants subjected him to any pain.**

In August 2022, Plaintiff contends he was "targeted by" Defendants "with another extremely exaggerated excessive force." Doc. 1, at 10. He asserts that during a video visit with his daughter, he told a lieutenant that he would not step into the hall alone with the lieutenant because he was on the phone and because of his "emotional/mental stress of Claim 1." *Id.* Plaintiff asserts "Lt. Cunningham said 'don[']t take this personal' shut the door then returned" with Defendant West, Defendant Ward, and "multiple Canadian County deputies all armed with AR's[,] assault rifles, shotguns, shields, and an M-203 grenade launcher." *Id.* He claims two individuals were shot with their hands up. *Id.* He asserts the incident amounted to an "extreme escalation that was completely uncalled for." *Id.* He contends the incident occurred "solely [be]cause of [his] name being the target, and that sets a hostile/dangerous precedent for inmates detained under these individuals." *Id.*

Plaintiff does not assert he was shot, shot at, or even had a gun pointed at him during the alleged incident. *Id.* The undersigned has serious doubt about whether these allegations—where Plaintiff is a bystander who witnessed other inmates get shot by jail officials—can state a claim for excessive force. While it is true that prisoners need not allege physical contact to state a claim

for excessive force, circuit-level cases addressing such a scenario typically include some direct threat or action affecting the plaintiff. *See, e.g.*, *DeSpain v. Uphoff*, 264 F.3d 965, 977-79 (10th Cir. 2001) (holding that the district court "erred in holding that [plaintiff] failed to state a constitutional claim" for excessive force where officer sprayed pepper spray into the tier in which the prisoner was housed); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992) (holding where an officer "put a service revolver to [a prisoner's] head and threatened to shoot" amounted "to a claim that [the officer] used excessive force"). The Court need not decide the issue, however, as Plaintiff alleges no injury or infliction of pain.

"[I]n general, '[d]e minimis applications of force are necessarily excluded from the cruel and unusual punishment inquiry.'" *DeSpain*, 264 F.3d at 978 (quoting *Northington,* 973 F.2d at 1524 (10th Cir.1992)). "[T]he ultimate constitutional inquiry is directed at whether an unnecessary and wanton infliction of pain has occurred," and if it has, "there is no need for a plaintiff to allege significant and lasting injuries." *Id.* (internal quotation marks omitted). Here, Plaintiff alleges no pain—physical or emotional—resulting from Defendants' actions. And without an allegation of pain or injury, Plaintiff cannot state a claim for excessive force.

Because Plaintiff did not plead facts sufficient to state a claim, his official-capacity claim fails as well. *See, e.g., Frey*, 41 F.4th at 1239.

### 3. The Court should dismiss Plaintiff's retaliation claim because he does not plead facts suggesting that he engaged in a constitutionally protected activity.

Plaintiff also generally states that he was targeted for retaliation related to his other allegations in Claim Two. Doc. 1, at 7. He asserts Defendant Carter "targeted" him when she labeled him a security threat and placed him in isolation in August or September 2021. *Id.* at 9. He also claims the incident in which unnamed staff emptied spray containers on Plaintiff was "all due to Claim 1." *Id.* He also contends he was "targeted" with excessive force in August 2022 after he stated he would not step into the hall alone with a lieutenant. *Id.* at 10.

"The elements of a retaliation claim are: (1) the plaintiff engaged in constitutionally protected activity; (2) the defendant responded by causing an injury that 'would chill a person of ordinary firmness from continuing to engage in that activity,' and (3) the defendant's action was substantially motivated as a response to the plaintiff's protected activity." *Johnson v. Whitney*, 723 F. App'x 587, 594 (10th Cir. 2018) (quoting *Gee*, 627 F.3d at 1189) (addressing a First Amendment retaliation claim). Plaintiff does not plead facts sufficient to meet the first element because he does not assert he was engaged in any

constitutionally protected activity when Defendants allegedly retaliated against him. *See Mora v. Bernalillo Cnty. Metro. Det. Ctr.*, 2017 WL 2271434, at *6 (D.N.M. Feb. 23, 2017) (finding the plaintiff failed to state a retaliation claim where "the Complaint d[id] not identify the protected right that he exercised or allege any facts that would support the exercise of any protected constitutional right"). Because Plaintiff does not plead facts sufficient to state a claim, his official-capacity claim also fails. *See, e.g.*, *Frey*, 41 F.4th at 1239.

The undersigned recommends the Court dismiss this claim without prejudice for failure to state a claim.

### 4.    Plaintiff fails to state a claim related to his isolation.

Plaintiff intersperses allegations related to his isolation throughout his factual narrative in Claim Two. In August or September 2021, Plaintiff claims he was "targeted" by Defendant Carter, who "labeled [him] a security threat to isolate" him. Doc. 1, at 9. Plaintiff claims Defendant Carter isolated him "even further" in December 2021 "to a pod with only 3 cells & active prison gang members." *Id.* Plaintiff asserts there was a "need for the cells/pod we was in for females they had sleepin[g] on the ground, & tables." *Id.* Even so, he claims the move was unnecessary because he "was already isolated to V-pod[,] a lock down pod[,] with cells 1 hour limited rec." *Id.* Plaintiff contends this new

location "is where the alleged rape was taken place" and the location "limited eyes, ears, and say so." *Id.*

Plaintiff also states that "[a]fter the alleged charges were filed" on May 2, 2022,[5] Defendant Carter "isolated [him] even further" by moving him to a "single cell AD-seg with no rec." *Id.* at 9-10. He alleges he only gets to take a shower when he "hound[s] them for it." *Id.* at 10. Plaintiff contends he was allowed back in the general population in August 2022. *Id.*

It appears Plaintiff's major concern related to his isolation, or more restrictive housing, is that it was retaliation by Defendant Carter. *See* Doc. 8, at 9-10. But, as noted above, Plaintiff has not alleged Defendant Carter's retaliation was for any constitutionally protected activity. As a result, he cannot state a claim based on his assertion that his isolation was retaliatory in the constitutional sense.

And to the extent Plaintiff alleges his isolation generally amounts to a due process violation, he does not state a claim because he has not asserted facts suggesting his placement imposed an "atypical and significant hardship

---

[5] The undersigned takes judicial notice of the date on which the charges were filed against Ms. Benson. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=canadian&number=CF-2022-276&cmid=460468 (last visited Oct. 25, 2022); *Tal v. Hogan*; 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that courts may take judicial notice of facts that are a matter of public record).

on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration"); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.").

Plaintiff also does not assert Defendants West or Ward were involved in his isolation. Thus, the Court can deny this claim  against Defendants West and Ward for lack of personal participation. *See Bennett*, 545 F.2d at 1262-63 ("Personal participation is an essential allegation in a § 1983 claim.").

Plaintiff's Eighth Amendment violation should be dismissed for failure to state a claim. And because Plaintiff did not plead facts to establish a constitutional violation, his official-capacity claim also fails. *See, e.g.*, *Frey*, 41 F.4th at 1239.

## IV.    Recommendation and notice of right to object.

The undersigned recommends the Court dismiss the Complaint without prejudice for failure to state a claim. The undersigned further recommends the Court deny as moot Plaintiff's motions to appoint counsel. Docs. 10, 12.

The undersigned advises Plaintiff of his right to object to this Report and Recommendation by December 13, 2022, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of November, 2022.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE